UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MT "BALTIC SOUL" PRODUKTENTANKSCHIFFAHRTSGESELLSCHAFT MBH& CO. KG and NORIENT PRODUCT POOL APS,<br><br>Plaintiffs,<br><br>v.<br><br>TADEMA SHIPPING & LOGISTICS INC., TALEVERAS GROUP OF COMPANIES LIMITED, TALEVERAS PETROLEUM TRADING BV and TALEVERAS PETROLEUM TRADING DMCC,<br><br>Defendants. | CIVIL CASE NO.:<br><br>IN ADMIRALTY |

## MOTION AND MEMORANDUM FOR ORDER AUTHORIZING ISSUE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT

Plaintiffs, MT "Baltic Soul" Produktentankschiffahrtsgesellschaft mbH& Co. KG ("Baltic Soul") and Norient Product Pool APS ("Norient") (collectively, "Plaintiffs") move, pursuant to Supplemental Rule B, for an Order directing the Clerk to issue a Supplemental Rule B Writ of Maritime Attachment and Garnishment upon each of the Garnishees listed in the above-named caption, and providing further that the Clerk may issue additional writs on application of Plaintiffs. In further support of this motion, Plaintiffs state as follows.

Supplemental Rule B(a) provides as follows:

> If a defendant is not found within the district, when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property - up to the amount sued for - in the hands of garnishees named in the process.

Plaintiffs have filed a Verified Complaint seeking process to attach and garnish, pursuant to Supplemental Rule B, the property of Defendants Tadema Shipping and Logistics Inc.

01:19331565.1

("Tadema"), Taleveras Group of Companies Ltd. ("Taleveras Group"), Taleveras Petroleum Trading B.V. ("Taleveras BV"), and Taleveras Petroleum Trading DMCC ("Taleveras DMCC") that is found in this District, namely, monies owed to Tadema, Taleveras Group, Taleveras BV and/or Taleveras DMCC that are now, or soon will be, in the hands of the Garnishees named herein.

> Specifically, Rule B notes that process of attachment can reach all of "the Defendant's tangible or intangible personal property" and courts have construed this language expansively to recognize a variety of attachable interests -- including funds in a bank account, escrow in the court registry, debts owed to a defendant, and an arbitration award in Defendant's favor.

*Consub Del. L.L.C. v. Schahin Eugenharia Limitada*, 676 F. Supp. 2d 162, 167, (S.D.N.Y. 2009) (footnotes omitted). "The Rule's use of the possessive form – 'defendant's' - makes ownership of the assets a criterion of their attachability. Rule B does not require that a defendant, in addition to ownership, have full control over its goods, chattels, credits or effects." *Starboard Venture Shipping v. Casinomar Transp.*, 1993 U.S. Dist. LEXIS 15891, 1994 A.M.C. 1320 (S.D.N.Y. 1993).

> Rule B(1) . . . provides that a maritime Plaintiff may 'attach the Defendant's tangible or intangible personal property.' It is difficult to imagine words more broadly inclusive than 'tangible or intangible.'" *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 276 (2d Cir. 2002) (citation omitted). Given the breadth of Rule B, it is recognized that the Rule permits a Plaintiff to attach, for example, "debts owed to the Defendant . . . even if they have not yet matured or have only partially matured," provided that "the Defendant's entitlement to the credit or interest in the debt [is] clear." *Id.* (*quoting* Robert M. Jarvis, An Introduction to Maritime Attachment Practice Under Rule B, 20 J. Mar. L. & Com. 521, 530 (Oct. 1989)). Accordingly, it has been held that where a transfer of funds between two third-parties is shown to have been made for the benefit of a Defendant subject to an order of attachment, the Defendant's "property interest in" the transfer may be "sufficient to render it attachable under Rule B." *Essar Int'l, Ltd. v. Martrade Gulf Logistics*, FZCO, No. 07 Civ. 3439 (WHP), 2007 U.S. Dist. LEXIS 61713, 2007 WL 2456629, at *2 (S.D.N.Y. Aug. 23, 2007).

*Novoship (UK) Ltd. v. Ruperti*, 567 F. Supp. 2d 501, 505 (S.D.N.Y. 2008).

On information and belief, Garnishees have, or soon will have, property of Tadema and/or Taleveras Group and/or Taleveras BV and/or Taleveras DMCC in this district – namely, monies owed by Garnishees to Tadema and/or Taleveras Group and/or Taleveras BV and/or Taleveras DMCC. Plaintiffs seek attachment and garnishment of this property of Tadema and/or Taleveras Group and/or Taleveras BV and/or Taleveras DMCC.

Plaintiffs' Verified Complaint sets out enough facts to state a claim to relief that is plausible on its face and that the named Garnishees hold property of Tadema and/or Taleveras Group and/or Taleveras BV and/or Taleveras DMCC within the meaning of Supplemental Rule B. The proposed Writs of Maritime Attachment and Garnishment filed herewith name the Garnishees. The proposed Order, herewith also limits garnishment only "to the amount sued for," as required by Supplemental Rule B.

Plaintiffs' Verified Complaint sets out the factual "bases for its belief that [D]efendant's property may be found within this District, as well as the garnishees it seeks authorization to serve." *Wight Shipping, Ltd. v. Societe Anonyme Marocaine de L'Industrie Du Raffinage S.A.*, 2008 U.S. Dist. LEXIS 106420 (S.D.N.Y. Nov. 24, 2008). "[A]t the pleading stage, no obligation exists to prove anything, only to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Capitol Records, Inc. v. City Hall Records, Inc.*, 2008 U.S. Dist. LEXIS 55300, *21–22 (*quoting Bell Atlantic Corp Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). Specifically, Plaintiffs' allegations:

> demonstrate a 'plausible' entitlement to a maritime attachment" because they "at least show that it is plausible to believe that Defendant's property will be 'in the hands of" garnishees in [this District] at the time the requested writ of attachment is served or during the time that service is effected.

*Peninsula Petroleum Ltd. v. New Econ Line Pte Ltd.*, 2009 U.S. Dist. LEXIS 24470, *5 (S.D.N.Y. 2009).

This Court therefore should enter the proposed Order, providing for the Clerk to issue the requested Writs of Maritime Attachment and Garnishment, because Plaintiffs' Verified Complaint "allege[s] facts that make it plausible to believe that: "(1) it has a valid prima facie admiralty claim against the [D]efendant; (2) the Defendant cannot be found within the district; (3) the [D]efendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006); *Peninsula Petroleum*, 2009 U.S. Dist. LEXIS 24470 at *1 (S.D.N.Y. Mar. 17, 2009).

WHEREFORE, for the reasons stated herein, Plaintiffs respectfully requests that the Court grant the instant Motion and direct the Clerk to issue the Writs requested. A proposed order is submitted herewith.

YOUNG CONAWAY STARGATT & TAYLOR LLP

/s/ Timothy Jay Houseal
Timothy Jay Houseal (Del. Bar ID No. 2880)
Jennifer Kinkus (Del. Bar ID No. 4289)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6682
thouseal@ycst.com
jkinkus@ycst.com

OF COUNSEL:
Michael E. Unger, *pro hac vice* pending
Michael J. Dehart, *pro hac vice* pending
Freehill Hogan & Mahar LLP
80 Pine Street, 25th Floor
New York, NY 10005
Tel:    (212) 425-1900
Fax:   (212) 425-1901
unger@freehill.com
dehart@freehill.com

Dated: September 27, 2016

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MT "BALTIC SOUL" PRODUKTENTANKSCHIFFAHRTSGESELLSCHAFT MBH& CO. KG and NORIENT PRODUCT POOL APS,<br><br>Plaintiffs,<br><br>v.<br><br>TADEMA SHIPPING & LOGISTICS INC., TALEVERAS GROUP OF COMPANIES LIMITED, TALEVERAS PETROLEUM TRADING B.V. and TALEVERAS PETROLEUM TRADING DMCC,<br><br>Defendants. | CIVIL CASE NO.:<br><br>IN ADMIRALTY |

ORDER GRANTING PLAINTIFFS' MOTION FOR
ORDER AUTHORIZING ISSUANCE
OF WRIT OF MARITIME GARNISHMENT

Upon consideration of the Verified Complaint filed by Plaintiffs and the Court having found that the conditions required by Supplemental Rule for Certain Admiralty and Maritime Claims B exist, NOW, upon Plaintiffs' motion, it is hereby,

ORDERED, that the Clerk of this Court is authorized to issue pursuant to Supplemental Rule B, as detailed in the Verified Complaint, Process of Maritime Attachment and Garnishment for all assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendants Tadema Shipping and Logistics Inc., Taleveras Group of Companies Ltd., Taleveras Petroleum Trading B.V. and Taleveras Petroleum Trading DMCC including, but not limited to any such assets as may be in the possession, custody or control of, or being transferred through any garnishee within this District, and said Order being equally

01:19332158.1

applicable with respect to the issuance and service of additional writs of maritime attachment and garnishment upon any garnishees in this District not named herein, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further,

ORDERED, that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiffs shall be required to show why the garnishment or attachment should not be vacated or other relief granted; and it is further,

ORDERED, that supplemental or further writs of maritime attachment and garnishment may be issued by the Clerk upon application without further Order of the Court; and it is further,

ORDERED, that following initial service of a writ of maritime attachment and garnishment on any Garnishee, supplemental service of maritime attachment and garnishment writs on that Garnishee and related papers may be made by way of facsimile transmission or email to each such Garnishee and, it is further,

ORDERED, that service on any Garnishee as described above is deemed continuous throughout the day from the time of such service through the opening of the Garnishee's business the next business day; and, it is further,

ORDERED, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), each Garnishee may consent, in writing, to accept service by any other means; and it is further,

ORDERED, that a copy of this Order be served with each said writ of maritime attachment and garnishment; and, it is further,

ORDERED that to afford an opportunity for an expeditious hearing of any objections which might be raised by any Defendant, or any Garnishee, a hearing may be set by calling the case manager of the undersigned.

DONE AND ORDERED this ___ day of September, 2016.

_____
UNITED STATES DISTRICT JUDGE